UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| SOJO PRODUCTIONS INC., | ) | |
|     Plaintiff, | ) | |
| | ) | No. 3:12-CV-599 |
| v. | ) | (PHILLIPS/GUYTON) |
| | ) | |
| DOES 1-67, | ) | |
|     Defendants. | ) | |

| | | |
|---|---|---|
| TESUCO HOLDINGS LIMITED, | ) | |
|     Plaintiff, | ) | |
| | ) | No. 3:12-CV-600 |
| v. | ) | (PHILLIPS/GUYTON) |
| | ) | |
| DOES 1-12, | ) | |
|     Defendants. | ) | |

| | | |
|---|---|---|
| SAFETY POINT PRODUCTIONS, LLC, | ) | |
|     Plaintiff, | ) | |
| | ) | No. 3:12-CV-601 |
| v. | ) | (PHILLIPS/GUYTON) |
| | ) | |
| DOES 1-57, | ) | |
|     Defendants. | ) | |

| | | |
|---|---|---|
| DIMENTIONAL DEAD PRODUCTIONS, LLC, | ) | |
|     Plaintiff, | ) | |
| | ) | No. 3:12-CV-602 |
| v. | ) | (PHILLIPS/GUYTON) |
| | ) | |
| DOES 1-43, | ) | |
|     Defendants. | ) | |

| | | |
|---|---|---|
| DIMENTIONAL DEAD PRODUCTIONS, LLC, | ) | |
|     Plaintiff, | ) | |
| | ) | No. 3:12-CV-603 |
| v. | ) | (PHILLIPS/GUYTON) |
| | ) | |
| DOES 1-21, | ) | |
|     Defendants. | ) | |

## **MEMORANDUM AND ORDER**

These cases are before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02 to address pending motions to quash, to which the Plaintiffs have objected.

Plaintiffs allege that the putative Defendants used BitTorrent protocol to download various motions pictures in violation of Plaintiffs' copyrights. The undersigned entered Orders in these cases permitting the Plaintiffs to take limited discovery prior to conducting a discovery conference under Rule 26(f) of the Federal Rules of Civil Procedure. The Court authorized limited, early discovery to allow the Plaintiff to ascertain the identities of Defendants, who were only known by their Internet Protocol ("IP") addresses. Specifically, the Court granted Plaintiff leave to subpoena the name, address, and phone number of the persons or entities who used the IP addresses associated with the alleged infringement. The instant motions followed.

**A.     Motions to Quash**

Pursuant to Rule 45, a court *must* quash a subpoena that: "fails to allow a reasonable time to comply"; "requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business . . ."; "requires disclosure of privileged or other protected matter, if no exception or waiver applies"; or "subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A). A court *may* quash a subpoena that requires: disclosing a trade secret or similar confidential information; disclosing an unretained expert's opinion; or "a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial." Fed. R. Civ. P. 45(c)(3)(B).

The subpoenas in these cases commanded production of "the name, address, and phone number of the persons or entities," who used the IP addresses listed in the subpoena. These subpoenas were served upon Internet Service Providers ("ISP"), such as Charter Communications. As an initial matter, the Court finds that the subpoenas at issue do not require travel that is in excess of 100 miles. The Court further finds that the subpoenas do not call for disclosing an unretained expert's opinion, nor do they command disclosure of a trade secret or similar information.

With regard to the burden of production, the Court finds, first, that the subpoenas are not directed toward the Defendants, who filed the instant motions. There is no burden of production on these persons, and "if anyone may move to quash these subpoenas on the basis of undue burden, it is the ISPs themselves, as they are compelled to produce information under the subpoena." First Time Videos, LLC v. Does 1-500, 276 F.R.D. 241 (N.D. Ill. 2011). The ISPs have not moved to quash based upon an undue burden, and the Court finds that the Defendants have no basis for arguing that an undue burden has been imposed upon them.

The Court finds that the only basis on which the Defendants could potentially quash the subpoenas is by arguing that the subpoenas require production of privileged or protected matters. "The Sixth Circuit has observed that '[o]rdinarily, a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action unless the party claims some personal right or privilege with regard to the documents sought.'" Johnson v. Guards Mark Sec., No. 4:04 CV 2447, 2007 WL 1023309, at *1 (N.D. Ohio Mar.31, 2007) (quoting Mann v. Univ. of Cincinnati, Nos. 95–3195, 95–3292, 1997 WL 280188, at *4 (6th Cir. May 27, 1997)). "The only basis upon which a party could have standing to quash a non-party subpoena would be a claim of personal right or privilege." Waite, Schneider, Bayless & Chesley Co. L.P.A. v. Davis, 2013 WL 146362, at *5 (S.D. Ohio Jan. 14, 2013) (citing Hackmann v. Auto Owners, Ins. Co., 2009 WL 330314 (S.D. Ohio Feb.6, 2009); Donahoo v. Ohio Dept. Of Youth Services, 211 F.R.D. 303, 306 (N.D. Ohio 2002).

The Court, however, finds that the subpoenas do not seek information in which the Defendants have a privilege or other privacy interest. The Court finds the thorough analysis of this issue in First Time Videos v. Does 1-500, 276 F.R.D. 241 (N.D. Ill. 2011), to be particularly persuasive. The court in First Time Videos was presented with facts almost identical to those before this Court and found that "the identifying information subpoenaed neither qualifies for

protection as 'privileged' nor is otherwise protected under the First Amendment right to engage in anonymous speech on the Internet." Id. at 247.

The putative Defendants have not cited the Court to any privilege – e.g. attorney-client, doctor-patient – that protects a person's name, address, or phone number from disclosure. Moreover, "courts have consistently held that Internet subscribers do not have a reasonable expectation of privacy in their subscriber information – including name, address, phone number, and email address – as they have already conveyed such information to their ISPs." Id. (citing Achte/Neunte Boll Kino Beteiligungs Gmbh & Co. v. Does 1-4,577, 736 F.Supp.2d 212 (D.D.C. 2010)). Because the Putative Defendants have already shared the information sought in the subpoena with the ISP for purposes of setting up their internet subscription, the Court finds that this basic information is neither privileged nor protected.

With regard to the United States Constitution, the Court finds that the subpoenas do not infringe upon a right to anonymous speech because anonymous speech does not enjoy absolute protection under the First Amendment to the Constitution. "Indeed, copyright infringement is not protected by the First Amendment." First Time Videos, 276 F.R.D. at 248 (citing Harper & Row, Publishers, Inc. v. Nation Enters., 471 U.S. 539, 560 (1985); Arista Records v. Does 1–19, 551 F.Supp.2d 1, 9 (D.D.C. 2008)). Any First Amendment right to remain anonymous "must give way to plaintiffs' right to use the judicial process to pursue what appear to be meritorious copyright infringement claims." Arista Records, 551 F.Supp.2d at 9. The Court, therefore, finds that the subpoenas cannot be quashed based upon a right or privilege under the First Amendment to the Constitution.

Accordingly, and after reviewing each of the Motions to Quash, the Court finds that the Defendants have not established any privilege in or right to protect their names, addresses, and phone numbers.

4

To the extent the parties have argued innocence in their motions to quash, the Court finds that there is no basis for quashing a subpoena under Rule 45 based upon a general denial of liability. See First Time Videos, 276 F.R.D. at 250. "A general denial of liability is not relevant as to the validity or enforceability of a subpoena, but rather should be presented and contested once parties are brought properly into the suit. Id. The putative Defendants may deny their liability once served with process in this case through appropriate pleadings, motions, or evidence at trial. A motion to quash is not the forum for addressing general denials of liability.

Finally, some of the Defendants have cited the Court to VPR Internationale v. Does 1–1017, 2011 WL 8179128, *1 (C.D.Ill.2011), a case in which the court notes that a neighbor or other unknown third party could have made an unauthorized, surreptitious connection to infringe on the copyrighted work. The court in VPR Internationale relies heavily on a *criminal raid* summarized by an online article from MSNBC. The Court has reviewed VPR Interntaionale, and the Court finds that it is not persuasive authority for the instant cases, because (1) denials of liability – for example, citing a neighbor as the infringer – are best addressed in dispositive motions and (2) this instant case is not a criminal matter in which federal agents will be raiding any homes or businesses.

Based upon the foregoing, the Court finds that the the Motions to Quash are not well-taken, and they will be **DENIED**.

B.  **Requests to Sever**

At least one of the Defendants has moved to sever the claim against him from other claims[Doc. 9 in 3:12-CV-600]. The Court finds that this request to sever is premature. The Court does not have information sufficient to gauge the appropriateness of the joinder of the Defendants at this time, and severing these claims at this early stage of litigation is likely to

5

Case 3:12-cv-00600   Document 18   Filed 04/24/13   Page 5 of 6   PageID #: 111

cause delays and hinder disposition of these matters. First Time Videos, 276 F.R.D. at 252. The Supreme Court of the United States long ago advised that, "joinder of claims, parties and remedies is strongly encouraged." United Mine Workers of America v. Gibbs, 383 U.S. 715, 724 (1966). At this juncture, the Court finds that the parties to this litigation and the Court are best served by the Defendants remaining joined in their respective grouping.

Therefore, requests to sever currently pending before the Court will be **DENIED WITHOUT PREJUDICE**.

**C.     Conclusion**

In sum, the Motions to Quash **[Doc 11 in No. 3:12-CV-599; Doc. 9 in 3:12-CV-600; Docs. 11 & 18 in 3:12-CV-601; Docs. 10 &12 in 3:12-CV-602; and Doc. 11 in 3:12-CV-603]** are **DENIED**. To the extent the Motions to Quash contain requests to sever, the requests to sever are **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

ENTER:

　　　s/ H. Bruce Guyton
United States Magistrate Judge